IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JACKSON : <br> 3809 37th Place : <br> Brentwood, MD 20722 : <br> : <br> Plaintiff : <br> : <br> : <br> v. : <br> : <br> : <br> NATIONAL RAILROAD PASSENGER : <br> CORPORATION (AMTRAK) : <br> 30TH & Market Streets, 2nd Floor : <br> Philadelphia, PA 19107 : <br> Defendant : | NO.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1.  Plaintiff, David Jackson (JACKSON), is a citizen of the State of Maryland residing at the above address.

2.  Defendant, National Railroad Passenger Corporation. (AMTRAK), is a corporation duly organized and doing business in the Commonwealth of Pennsylvania.

3.  Defendant's vice president and chief engineer maintains an office in Philadelphia.

4.  Defendant, AMTRAK, conducts and controls a number of its operations from its location at 30th Street Station in Philadelphia, PA.

5.  Amtrak owns and operates Penn Coach Yard and the Race Street Engine House which are located in Philadelphia, Pennsylvania.

6.  Amtrak spent $257,244,711.00 in goods and services in the Commonwealth during 2015.

7. Amtrak employed approximately 2,712 residents of the Commonwealth at the end of fiscal year 2015.

8. A number of Amtrak rules, policies, and regulations are distributed from the Philadelphia offices for use throughout Defendant's operations.

9. Defendant's engineering department policies and regulations are distributed from Philadelphia.

10. Amtrak received approximately $66,800,000.00 in grant money during 2015 to make rail improvements in the Commonwealth of Pennsylvania.

11. Amtrak operates a passenger rail service between several states of the United States.

12. On September 16, 2016, the date of the incident at issue, Plaintiff was an employee of Amtrak.

13. At all times material hereto, Plaintiff was employed by Defendant.

14. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

15. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

16. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

17. On or about September 16, 2016 and for some time prior thereto, Plaintiff was employed by Defendant, AMTRAK and on that date in the performance of his duties he sustained serious, permanent and painful personal injuries.

18. Plaintiff, while a passenger in a hi rail truck on 38 track near K interlocking in the area of Union Station, Washington DC., was struck from the rear by a ballast regulator or similar piece of large track equipment operated by a fellow AMTRAK employee.

19. As a result, Plaintiff sustained severe personal injuries/aggravation to his neck and back muscles and nerves including but not limited to cervical disc pain and displacement, spasms, cervicalgia, aggravation of asymptomatic degenerative disc disease, as well bilateral knee contusions.

20. The negligence and carelessness of the Defendant consisted of the following, inter alia:

   a) Failing to provide Plaintiff with a safe place to work;

   b) Failing to warn Plaintiff of the existence of said dangerous condition;

   c) Failing to provide equipment reasonably safe for working condition;

   d) Failing to maintain equipment in a condition which would protect and safeguard the Plaintiff;

   e) Failing to correct the dangerous conditions existing thereon;

   f) Failing to use due care under the circumstances.

21. Plaintiff believes and avers that the equipment that struck him from the rear weighs in excess of 22 tons and the impact was of sufficient force to cause him severe injury.

22. Plaintiff's injuries are permanent and will cause pain and discomfort into the foreseeable future.

23. As a result of the aforesaid, Plaintiff was forced to miss approximately six months of work.

24. As a result of the aforesaid, Plaintiff has suffered fiscal damages including a severe loss of earnings and impairment to his earning capacity and power as well as suffering severe economic harm which forced him to sell his home.

25. As a further result of the negligence of the Defendant, Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

26. As a further result of the aforesaid, Plaintiff has been obliged to expend large sums of money for medicines and medical care and attention in and about an effort to effect a cure of his injuries, and will be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

27. Plaintiff avers that Defendant refused to pay him wages between the date of incident and the date that his company mandated drug and alcohol test results were completed.

28. Plaintiff avers that Defendant cancelled his rail pass, a benefit of employment with the company.

29.     Said actions averred in paragraphs 27 and 28 were knowingly and/or otherwise improperly done, presumably for improper motives/purposes such as to frustrate the reporting of injuries.

30.     Said actions averred in paragraphs 27 and 28 unnecessarily caused additional stress and suffering to Plaintiff and are a further source of injury.

**WHEREFORE**, Plaintiff David JACKSON claims of the defendant, a sum in excess of **Seventy Five Thousand ($75,000.00)** together with interest and costs and brings this action to recover same.

**KELLER & GOGGIN, P.C.**

By: /s/Voci R. Bennett
VOCI R. BENNETT, ESQUIRE
Keller & Goggin, P.C.
1528 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-8780 (office)
215-735-5126 (fax)
vbennett@keller-goggin.com

Attorney for Plaintiff